IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY LEE HOLMES, SR., | 8:21CV158 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, DOUG PETERSON, TODD SCHMADERER, THOMAS J. WHEELER, and JOHN A. BULDUE, | |
| Defendants. | |

    This matter is before the court on three motions to dismiss filed by Defendants (Filings 21, 23, 26). For the reasons stated below, the motions will be granted and this case will be dismissed.

## I. INTRODUCTION

    Plaintiff, Tracy Lee Holmes, a non-prisoner, filed his pro se Complaint on April 19, 2021.[1] (Filing 1.) This is a civil rights action brought under 42 U.S.C. § 1983. (Filing 1 at 3.) In general, Holmes complains he is being required to register as a sex offender in Minnesota, based on a 1997 Nebraska conviction, even though he was sentenced to 18 months' probation and, under the Nebraska law in effect at the time of sentencing, he was only be required to register as a sex offender for 10 years after being discharged from probation.

    Named as Defendants in their official capacities are: (1) Nebraska Attorney General Doug Peterson, (2) Nebraska State Patrol Colonel John A. Bolduc,[2] (3)

---

[1] Holmes is proceeding pro se (without an attorney), but not in forma pauperis (without payment of fees), so the court did not conduct a pre-service review of his Complaint under 28 U.S.C. § 1915(e).

[2] The Superintendent of the Nebraska State Patrol is Colonel John A. Bolduc. His last name is misspelled in the Complaint as "Buldue." (Filing 1 at 3.) The Clerk of Court will be directed to make a correction on the docket sheet.

Douglas County Sheriff Thomas J. Wheeler,[3] and (4) Omaha Police Chief Todd Schmaderer.[4] (Filing 1 at 2-3.) Holmes did not list the State of Nebraska as a Defendant under the "Parties to this Complaint" section in his standard form "Complaint for Violation of Civil Rights," but he captioned the suit as one against the State of Nebraska (Filing 1 at 1), a summons was issued (Filing 9), and the State entered an appearance by filing a motion to dismiss (Filing 21).

In response to Defendants' motions to dismiss, Holmes filed an affidavit (Filing 29) in which he requests that a default judgment be entered against Defendants for failure to answer within 21 days after service of process. The affidavit is deficient because it is not signed and it does not show how, when, or where service was accomplished.[5] Further, a default may be entered only if a defendant "has failed to plead *or otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added). A motion to dismiss may be filed prior to an answer, *see* Fed. R. Civ. P. 12(a)(4) & (b), which is what Defendants have done here. Holmes' affidavit, treated as a motion for clerk's entry of default under Rule 55(a), will therefore be denied.

## II. STATE DEFENDANTS' MOTION TO DISMISS (FILING 21)

Holmes is suing Defendants Peterson and Bolduc in their official capacities only. Holmes makes this clear because he marked the "Official Capacity" boxes on his Complaint when naming Defendants, while leaving the "Individual Capacity" boxes blank. (See Filing 1 at 2-3.) Also, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Holmes makes no mention of suing Defendants Peterson and Bolduc (or other Defendants) in their individual capacities in his Complaint.

---

[3] Sheriff Wheeler is erroneously identified in the Complaint as "Chief Deputy." (Filing 1 at 3.)

[4] Chief Schmaderer is erroneously identified in the Complaint as "Deputy Chief." (Filing 1 at 2.)

[5] Sheriff Wheeler challenges the sufficiency of service of process upon him.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Congress did not abrogate states' sovereign immunity in 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989), and Nebraska has not waived its immunity, *see Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017). Thus, Holmes cannot seek to recover damages from the State of Nebraska or from Defendants Peterson and Bolduc in their official capacities.

In addition, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). However, state officials sued in their official capacities for injunctive relief are "persons" under § 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

Liberally construing the Complaint, Holmes is requesting that authorities in his current state of residence, Minnesota, be notified that he is no longer required to register as a sex offender under Nebraska's Sex Offender Registration Act. Even if official-capacity claims for such relief against the Nebraska Attorney General or State Patrol Superintendent may properly be brought under § 1983, they are barred by the doctrine of res judicata.

The present case is related to Case No. 8:10CV380, which Holmes filed in this court in 2010 and which was assigned to the undersigned judge.[6] In conducting an initial review of the in forma pauperis complaint Holmes filed in that case, the court provided the following summary:

> Holmes filed this matter on October 6, 2010, against the Nebraska State Patrol, the Nebraska Attorney General's Office, the Nebraska Secretary of State's Office, and the Douglas County Sheriff's Office. Liberally construed, Holmes alleges the amendments to Nebraska's Sex Offender Registration Act ("SORA") that became effective January 1, 2010, are unconstitutional.
>
> Holmes alleges he was convicted of "dating a minor" in 1997 and was sentenced to 18 months of probation and was required to register as a sex offender for a period of 10 years. Although somewhat unclear, it appears that Holmes alleges he completed his probation and 10-year registration requirement but, under the recent SORA amendments, he must now register as a sex offender for life. Holmes alleges that requiring him to register as a sex offender for life violates his civil rights. Holmes seeks injunctive and declaratory relief.

*Holmes v. Nebraska State Patrol*, No. 8:10CV380, 2011 WL 23123, at *1 (D. Neb. Jan. 4, 2011) (internal citations omitted). The court also construed and summarized the nature of Holmes' constitutional claims:

> Liberally construed, Holmes alleges that SORA, as amended, violates the Ex Post Facto Clause of Article I, § 10, and the Fifth Amendment's Double Jeopardy Clause. Specifically, Holmes challenges the new provisions that will require him to register as a sex offender for life. [*Footnote 1*: SORA Section 29-4005, as amended, alters a registrant's registration duration. *See Nebraska Laws 2009,* LB 285, § 6. Under the prior Act, the standard registration period was 10 years following discharge from probation, parole, supervised release, or incarceration. However, individuals who had committed aggravated offenses, had

---

[6] The court can take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id*.

4

> prior convictions for registrable offenses, were required to register for life in another jurisdiction, or who were determined to be sexually violent predators were required to register for life. Under the new Act, a registration period is determined based on the possible punishment for the underlying conviction.]
>
> This court recently considered the constitutionality of the SORA amendments on a Motion for Summary Judgment in [*Doe v. Nebraska*,] Case Number 8:09CV456. The court found that three sections of Nebraska's new law … are either unconstitutional or a trial is required to determine their constitutionality. The court found all other sections of SORA constitutional, including *Section 29-4005,* which appears to be the section at issue here.

*Id.*, 2011 WL 23123, at *2 (internal citations omitted). The court *sua sponte* gave Holmes leave to amend because it was unclear from the face of the complaint whether he had completed his required registration period prior to January 1, 2010, the effective date of the SORA amendments. Holmes submitted a letter indicating he had completed his required registration period prior to that date, and the case was allowed to proceed to service of process. See Case No. 8:10CV380, Memorandum and Order entered February 16, 2011 (Filing 17). Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court granted Defendants' motion, and dismissed the case *with prejudice* based on the court's previous upholding of amended Section 29-4005 in *Doe v. Nebraska*, Case No. 8:09CV456. The court explained:

> To the extent that Plaintiff makes a "facial challenge" to the life-long registration requirement found in Neb. Rev. Stat. § 4005(1)(b)(iii) (rev. 2009) under the Ex Post Facto and Double Jeopardy Clauses of the United States Constitution because he was free of all court supervision and registration requirements at the time the law came into being, that challenge is foreclosed by the undersigned judge's decision in *Doe v. Nebraska*, 734 F. Supp. 2d 883, 913-921 (D. Neb. 2010). To the extent that the claims are "as applied," the claims must also be dismissed because Plaintiff has not asserted any fact unique to him that is material to an analysis of the claims and, thus, there is no reason to disregard the analysis set forth in *Doe v. Nebraska*.

Case No. 8:10CV380, Memorandum and Order entered July 26, 2011 (Filing 25).

5

The doctrine of res judicata operates so that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "The law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.,* 539 F.3d 809, 821 (8th Cir. 2008)).

According to Nebraska law, "a claim must be precluded by res judicata where '(1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions[.]'" *Wenjia Zhai v. Saint Francis Med. Ctr.*, No. 4:16CV3049, 2016 WL 11656353, at *2 (D. Neb. Sept. 28, 2016) (quoting *Kuskie v. Adams Bank & Tr. of Madrid*, 531 N.W.2d 921, 924 (Neb. 1995)). "As a general rule, dismissal of an action with prejudice is a final adjudication on the merits, and that the terms 'with prejudice' and 'on the merits' are synonymous for res judicata purposes." *Kuskie*, 531 N.W.2d at 924. "A judgment of dismissal on the merits operates to preclude subsequent relitigation of the same cause of action." *Id*.

This court had jurisdiction over Holmes' 2010 action, which, like the present case, was brought under 42 U.S.C. § 1983. The court's dismissal of Holmes' claims with prejudice in Case No. 8:10CV380 was a final judgment on the merits. The same parties, or their privies, were involved in Case No. 8:10CV380 and the present case. Thus, res judicata (or claim preclusion) applies here.

Holmes' Complaint in this case does not make clear which constitutional provisions allegedly are being violated by Defendants, but the court already found in Holmes' previous § 1983 action that neither the Ex Post Facto Clause nor the Double Jeopardy Clause were violated. Even if Holmes could allege a different constitutional violation deriving from those same operative facts, res judicata prohibits "relitigating issues that were or *could have been raised* in that action." *Brown v. Kansas City Live*, 931 F.3d at 714 (emphasis added). As such, Holmes has failed to state a claim upon which relief can be granted.

In summary, the court makes the following findings with respect to the State Defendants' motion to dismiss (Filing 21). First, the State of Nebraska is immune from suit in federal court under the Eleventh Amendment. All claims against the State of Nebraska will therefore be dismissed without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Missouri Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513 (8th Cir. 2002) ("Dismissal for lack of jurisdiction is not an adjudication of the merits, thus the case must be dismissed without prejudice."). Second, for the same reasons, all damage claims against Defendants Peterson and Bolduc in their official capacities will also be dismissed without prejudice for lack of subject-matter jurisdiction. Third, Holmes' claim for prospective injunctive relief against Defendants Peterson and Bolduc in their official capacities will be dismissed *with prejudice* for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### III. SHERIFF WHEELER'S MOTION TO DISMISS (FILING 23)

Defendant Thomas J. Wheeler is sued only in his official capacity as Sheriff of Douglas County, Nebraska. (See Filing 1 at 3.) He has moved to dismiss Holmes' complaint for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(2),(4),(5), and (6).

The distinction between a motion to dismiss for insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5) is often blurred, and it is appropriate to present and analyze service issues under both rules. *Wright v. Colvin*, No. 8:12CV425, 2014 WL 325647, at *2 (D. Neb. Jan. 29, 2014) (citing *Seretse v. Andersen Corp.*, No. CIV. 12-CV-323 SRN, 2013 WL 2434876, at *4 (D. Minn. June 4, 2013); *Adams v. AlliedSignal General Aviation Avionics,* 74 F.3d 882, 884 n. 2 (8th Cir. 1996)). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the

summons and complaint." 5B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1353 (3d ed.).

"On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process." *Seretse,* 2013 WL 2434876, at *4 (quoting *Hahn v. Bauer,* No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D.Minn. Jan. 27, 2010)). Holmes has not done so. Defendant Wheeler, however, has presented evidence that on June 20, 2021, he received an envelope addressed to his attention at the Douglas County Sheriff's Office. The envelope was sent by Holmes via U.S. Mail and had a June 16, 2021 postmark from Minneapolis, Minnesota. There were only two pieces of paper inside of the envelope: a summons for "Douglas County Sheriff Department, Cheif [sic] Deputy, Thomas Wheeler" and a blank proof of service document. No complaint was enclosed.

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); s*ee also* Neb. Rev. Stat. § 25-504 ("A copy of the complaint shall be served with the summons, except when service is by publication."). Service of summons without a complaint is insufficient service of process under Rule 12(b)(5). *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (holding district court properly granted defendant's motion to dismiss where pro se plaintiff mailed summons without attaching a copy of the complaint); *Rodgers v. McDaniel*, No. 3:17-CV-00291-KGB, 2018 WL 3967732, at *6 (E.D. Ark. Aug. 17, 2018) (insufficient service of process where pro se plaintiff failed to serve copy of complaint), *aff'd,* No. 18-3135, 2019 WL 5098929 (8th Cir. May 29, 2019). While "federal courts have not been strict in interpreting the requirement that the summons and complaint be served together ... there are limits to what deviations from Rule 4(c)(1) will be excused by the court." 4A Wright & Miller, *Federal Practice and Procedure* § 1093 (4th ed.). "It is clear, for example, that even though a copy of the complaint is on file at the clerk's office, service of a summons without a copy of the complaint is not effective service." *Id.*

There was also insufficient service of process under Rule 12(b)(5) because the summons was sent to the wrong address. "A suit against a government officer in his

8

official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, a suit against Sheriff Wheeler in his official capacity is, in effect, a suit against Douglas County. "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Nebraska law, "[a]ny county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Neb. Rev. Stat. § 25-510.02(2).

The Eighth Circuit has held that where a defendant is improperly served, the district court lacks jurisdiction over that defendant whether or not it had actual notice of the lawsuit.[7] *Adams*, 74 F.3d at 885 (stating that a district court does not abuse its discretion in dismissing a complaint without prejudice "[w]hen counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted"); *Est. of Osborn-Vincent v. Am. Express Fin. Corp.*, 835 F. App'x 167, 168 (8th Cir. 2021) ("For a federal court to have personal jurisdiction over a party, the party must be properly served under Fed. R. Civ. P. 4."); *Dillehay v. Dep't of Hous. & Urb. Dev.*, 334 F. App'x 53, 54 (8th Cir. 2009) (district court did not abuse its discretion in dismissing action against federal agencies for insufficient service of process, even if agencies had actual knowledge of lawsuit, where plaintiff failed to send summons and complaint to Attorney General within time limit of Fed. R. Civ. P. 4(m)).

---

[7] "In spite of Rule 12(b)(5)'s defined scope, some federal courts have treated a Rule 12(b)(5) motion as if it were a Rule 12(b)(2) motion for lack of personal jurisdiction." 5B Wright & Miller, *Fed. Prac. & Proc. Civ*. § 1353 (3d ed.). "Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion." *Id.* (footnote omitted).

9

"[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (quoting *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976) (per curiam)); *Adams*, 74 F.3d at 886. "The court has discretion to dismiss the action without prejudice or to quash service and direct plaintiffs to effect service within a particular time frame." *Enter. Bank & Tr. v. May*, No. 4:20-CV-00278 JAR, 2020 WL 7056011, at *3 (E.D. Mo. Dec. 2, 2020).

> Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). One of the remedial options is the quashing of service but retention of the case so that service may be effected in accord with the Rules. *C & L Farms, Inc. v. Federal Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir. 1985); *Haley*, 529 F.2d at 79. Moreover, a motion to dismiss for insufficiency of service may be denied where there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was not prejudiced. *See, e.g., Gray v. Allied Waste Servs. of Washington*, 2012 WL 2871422, *4 (D. Md. 2012) ("Because Plaintiff is pro se and Defendant received actual notice, dismissal for ineffective service of process is inappropriate at this stage."); *Myrtle v. Graham*, 2011 WL 446397 (E.D. La. 2011) (dismissal should not result when plaintiff made good faith attempt to comply with rules for service and defendant did not demonstrate prejudice or lack of actual notice).

*Brown v. Dep't of Health & Hum. Servs.*, No. 8:16CV377, 2017 WL 1533386, at *2 (D. Neb. Apr. 26, 2017) (quoting *Mendoza v. Osterberg*, No. 8:13CV65, 2014 WL 3784122, at *3 (D. Neb. July 31, 2014).

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) …." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

10

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In *Brown v. Dep't of Health & Hum. Servs*, the court made a finding of good cause and gave the pro se plaintiff additional time to make proper service. *See also Parsons v. McCann*, 138 F. Supp. 3d 1086, 1103 (D. Neb. 2015) (ordering plaintiffs to properly serve Douglas County within 20 days and submit proof of service to the court, or else all claims would be dismissed without prejudice).

Here, the 90-day period for service of process elapsed on July 19, 2021, and Sheriff Wheeler's motion to dismiss was filed one week prior to that date. Yet, despite being placed on notice that there was insufficient service of process, Holmes has not requested the issuance of a new summons or an extension of time to effect proper service upon Sheriff Wheeler in his official capacity, nor has he made any attempt at a "good cause" showing. Although Sheriff Wheeler does not claim any prejudice, has actual notice of the litigation, and is being represented in his official capacity by the Douglas County Attorney, it would be an exercise in futility to allow Holmes additional time to make proper service. Because the Douglas County Sheriff's Office was a defendant in Case No. 8:10CV380, Holmes' § 1983 repetitive claim in this case would be barred by res judicata even if he were to make proper service. The court therefore finds that the claims against Sheriff Wheeler in his official capacity should be dismissed without prejudice.[8]

IV. CHIEF SCHMADERER'S MOTION TO DISMISS (FILING 26)

Defendant Todd Schmaderer is sued only in his official capacity as Chief of the Omaha Police Department. (See Filing 1 at 3.). He has moved to dismiss Holmes' § 1983 claims for failure to state a claim upon which relief can be granted, and to dismiss a possible state-law claim for slander based on sovereign immunity.

---

[8] To be clear, the court is not making an on-the-merits determination of Sheriff Wheeler's res judicata defense—which would result in a dismissal *with prejudice*—nor will it be addressing Sheriff Wheeler's statute-of-limitations defense or other arguments as to why Holmes' Complaint fails to state a claim upon which relief can be granted.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that only alleges legal conclusions or a "formulaic recitation of the elements of a cause of action" does not meet this threshold standard, "nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A complaint must plead enough factual matter that, if taken as true, will "state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, quoting *Twombly*, 550 U.S. at 557. While the Court should accept the factual allegations articulated in a complaint when considering a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties" *Topchian v. JP Morgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (internal quotations and citations omitted) Even so, pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569-70. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Id.* (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In *Monell v.*

12

*Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.*, 436 U.S. at 691.

To prevail on a § 1983 claim alleged against Chief Schmaderer in his official capacity, which is functionally equivalent to a claim against the City of Omaha, *see McKay,* 960 F.3d at 1102, Holmes must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Holmes has not alleged any facts to show that the claimed violation of his constitutional rights was caused by a municipal policy or custom, or by a failure to train or supervise municipal employees. The § 1983 claims alleged against Chief Schmaderer in his official capacity therefore will be dismissed *with prejudice* for failure to state a claim upon which relief can be granted.

Holmes will not be given leave to amend because it would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny

motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

The Nebraska Sex Offender Registration Act is regulated and carried out by the Nebraska State Patrol and the sheriff of the county in which the individual resides. *See* Neb. Rev. Stat. § 29-4004. The City of Omaha and the Omaha Police Department are not involved in the registration or administration of individuals on the Nebraska Sex Offender Registry. Thus, as a matter of law, no actionable § 1983 claim can be alleged against Chief Schmaderer regarding the lifetime registration requirement imposed on Holmes.

Because Holmes' Complaint mentions slander (see Filing 1 at 4, 5, 6), which is a common law tort, Chief Schmaderer argues such a claim should be dismissed because Holmes did not meet the presentation requirement of the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901 *et seq*., and, in any event, the Act does not abrogate sovereign immunity for intentional torts. The court will not address this issue because it will decline to exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction, …."). Accordingly, any state-law claim alleged against Chief Schmaderer in his official capacity will be dismissed without prejudice. See *Nagel v. City of Jamestown, N. Dakota*, 952 F.3d 923, 935 (8th Cir. 2020) (a dismissal under 28 U.S.C. § 1367(c)(3) is without prejudice and is reviewed for abuse of discretion).

### V. HOLMES' CHALLENGE TO HIS CONVICTION

The court notes that Holmes' Complaint also mentions "wrongful conviction" several times (Filing 1 at 4, 5, 6), and that Holmes argues in his one-page response to Defendants' motion to dismiss that he was a victim of "false imprisonment" and "unlaw[ful] conviction" (Filing 28). To the extent Holmes may be attempting to challenge his 1997 conviction under 42 U.S.C. §1983, such a claim is precluded by the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994), that if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be

14

preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *Id.*, 512 U.S. at 486-87; *see also James v. City of Omaha*, No. 8:10CV295, 2011 WL 693338, at *2 (D. Neb. Feb. 15, 2011) (dismissing non-prisoner's § 1983 claim seeking to vacate his plea-bargained conviction); *Shea v. Ohio,* No. 96-3458, 1997 WL 144228, at * 1 (6th Cir. Mar. 27, 1997) (holding *Heck* applicable in a non-prisoner case). Claims that are *Heck*-barred should be dismissed without prejudice. *See Matthews v. Koechle,* 788 F. App'x 416, 417 (8th Cir. 2019) (citing *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995)).

Although no Defendant has discussed the possibility of such a § 1983 claim, a claim squarely barred by *Heck* is subject to dismissal *sua sponte* as frivolous. *Two Bears v. Minnesota*, No. 17-CV-1272 (PJS/TNL), 2017 WL 8786486, at *2 (D. Minn. Nov. 2, 2017), *report and recommendation adopted*, 2017 WL 8786488 (D. Minn. Nov. 30, 2017). *See Ehlers v. United States Navy*, Case No. 16-cv-30 (DWF/TNL), 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) (collecting cases), *report and recommendation adopted sub nom. Edwin v. United States Navy*, No. CV 16-30 (DWF/TNL), 2016 WL 1559136 (D. Minn. Apr. 18, 2016).

## V. CONCLUSION

For the various reasons discussed above, Defendants' motions to dismiss will be granted and the court on its own motion will dismiss a *Heck*-barred claim.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for clerk's entry of default (Filing 29) is denied.

2. The Clerk of Court is directed to correct the spelling of Defendant John A. Buldue's last name from "Buldue" to "Bolduc."

3. The motion to dismiss filed by Defendants State of Nebraska, Doug Peterson in his official capacity as Nebraska Attorney General, and John A. Bolduc in his official capacity as Superintendent of the Nebraska State Patrol (Filing 21) is granted, as follows:

15

      a. Pursuant to Fed. R. Civ. P. 12(b)(1), all claims against the State of Nebraska are dismissed without prejudice for lack of subject matter jurisdiction.

      b. Pursuant to Fed. R. Civ. P. 12(b)(1), all damage claims against Defendants Peterson and Bolduc in their official capacities are dismissed without prejudice for lack of subject matter jurisdiction.

      c. Pursuant to Fed. R. Civ. P. 12(b)(6), all claims for prospective injunctive relief against Defendants Peterson and Bolduc in their official capacities are dismissed *with prejudice* for failure to state a claim upon which relief can be granted.

4. The motion to dismiss filed by Defendant Thomas J. Wheeler in his official capacity as Douglas County Sheriff (Filing 23) is granted and all claims against said Defendant are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process, and Fed. R. Civ. P. 4(m), for failure to serve said Defendant within 90 days after Plaintiff's Complaint was filed.

5. The motion to dismiss filed by Todd Schmaderer in his official capacity as Chief of the Omaha Police Department (Filing 26) is granted, as follows:

      a. Pursuant to Fed. R. Civ. P. 12(b)(6), all § 1983 claims against said Defendant regarding sex offender registration requirements are dismissed *with prejudice* for failure to state a claim upon which relief can be granted.

      b. Pursuant to 28 U.S.C. § 1367(c)(3), any state-law claims against said Defendant are dismissed without prejudice.

6. On the court's own motion, any § 1983 claims against Defendants challenging the validity of Plaintiff's conviction are dismissed without prejudice, as *Heck*-barred and frivolous.

7. Judgment will be entered by separate document.

8. Upon entry of judgment, the Clerk of the Court shall close the file and terminate this case for statistical purposes.

Dated this 8th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge